IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFREY J. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV. NO. SA-12-CV-00917-DAE |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| SUCCESSOR BY MERGER TO | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| L.P., f/k/a COUNTRYWIDE HOME | ) | |
| LOANS SERVICING, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

On April 22, 2013, the Court heard Defendant Bank of America's

Motion to Dismiss ("Motion").  ("Mot.," Doc. # 14.)  Kenneth E. Grubbs, Esq.,

appeared at the hearing on behalf of Plaintiff Jeffrey J. Scott ("Plaintiff"); Matthew

A. Knox, Esq., and Nathan T. Anderson, Esq., appeared at the hearing on behalf of

Bank of America, N.A. ("Defendant").  After reviewing the motion and the

supporting and opposing memoranda, the Court **GRANTS** Defendant's Motion.

BACKGROUND

On October 14, 2002, Plaintiff and his wife, Paula Ann Moody-Scott, obtained a loan in the amount of $171,200 from Countrywide Home Loans, Inc. ("Countrywide"), which was secured by a mortgage on property located at 414 Calumet Place, San Antonio, Texas 78209 ("the Property").  (FAC ¶ 4; Mot. Ex. 1.)  The same day, Plaintiff executed a promissory note ("the Note").[1]  (Mot. Ex. 1.)  The Note states that Plaintiff promised to pay Countrywide, "the Lender," in return for the loan received, and provides that "anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the 'Note Holder.'" (Id.)  Plaintiff also executed a Deed of Trust ("the Deed of Trust"). (Mot. Ex. 2.)  The Deed of Trust again identifies Countrywide as "the Lender," and states that Mortgage Electronic Registration Systems, Inc. ("MERS"), is "a nominee for Lender and Lender's successors and assigns," and "a beneficiary

_____

[1] Defendant has attached copies of the Note, Deed of Trust, and Assignment of Deed of Trust to its Motion.  (Mot. Exs. 1–3.)  The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  By attaching documents to a motion to dismiss that are referred to in a plaintiff's complaint and that are central to his claim, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000).  In this case, the Note, the Deed of Trust and the assignment are central to Plaintiff's claims and are properly considered by this Court.

under [the Deed of Trust]."  (Id. )  The Deed of Trust also states:

> Borrower [Plaintiff] understands and agrees that MERS holds only
> legal title to the interests granted by Borrower in this Security
> Instrument, but, if necessary to comply with law or custom, MERS (as
> nominee for Lender and Lender's successors and assigns) has the
> right: to exercise any or all of those interests, including, but not
> limited to, the right to foreclose and sell the Property. . . .

(Id. at 3.)

On April 6, 2012, MERS employee Susan Douglas executed an
Assignment of Deed of Trust, which purported to "grant, sell, assign, transfer and
convey unto Bank of America, N.A. . . . all beneficial interest under [the Deed of
Trust] together with the note(s) and obligations therein described and . . . all rights
accrued or to accrue under said Deed of Trust."  (Mot. Ex. 3.)  Plaintiff alleges that
the assignment is void because Susan Douglas, who "purports to be an assistant
secretary of MERS," is in fact "a robosigner working for one of the various
document mills" (FAC ¶ 5), and "signed in a capacity which she did not hold or
have authority to sign under" (id. ¶ 17).  Plaintiff further alleges that "the
document may itself be fake, fraudulent and void because the signature on the
document may not actually be the signature of [Susan] Douglas."  (Id. ¶ 17.)

According to Defendant, Plaintiff failed to make timely mortgage
payments, and foreclosure was scheduled for September 4, 2012.  (Mot. at 4.)  On
September 4, 2012, Plaintiff filed a Complaint in state court.  (Doc. # 1 Ex. 1.)  On

3

September 28, 2012, Defendant filed a Notice of Removal in this Court.  (Doc.

# 1.)  On October 5, 2012, Defendant filed a Motion to Dismiss Plaintiff's

Complaint.  (Doc. # 3.)  On November 1, 2012, Plaintiff submitted a Motion to File

an Amended Complaint (doc. # 8), which the Court granted on November 27, 2012

(doc. # 11).  Plaintiff's First Amended Complaint ("FAC") was filed that same day.

("FAC," Doc. # 12.)  The FAC asserts causes of action for: (1) violations of the

Uniform Commercial Code ("UCC") (FAC ¶¶ 13–15); (2) quiet title (id. ¶ 16); (3)

violations of the Texas Civil Practice and Remedies Code § 12.002 (id. ¶ 17); and

(4) breach of contract (id. ¶ 19).  The FAC also asserts that all defendants and their

agents "should be held liable for all acts or practices committed" under the doctrine

of respondeat superior.  (Id.  ¶ 18.)  Finally, Plaintiff seeks declaratory (id.

¶¶ 10–12) and injunctive relief (id. ¶¶ 22–23).

On December 11, 2012, Defendant filed the instant Motion to

Dismiss.  ("Mot.," Doc. # 14.)  On December 21, 2012, Plaintiff filed a Response

in Opposition to Defendant's Motion (doc. # 16), and Defendant filed a Reply in

further support of its Motion on December 28, 2012 (doc. # 17).

## LEGAL STANDARD

I.      Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a

complaint for "failure to state a claim upon which relief can be granted."  Review

is limited to the contents of the complaint and matters properly subject to judicial

notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts

'all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)

(quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464,

467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

   A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss.  See Twombly, 550 U.S. at 555–56.  In providing grounds for

relief, however, a plaintiff must do more than recite the formulaic elements of a

cause of action.  See id. at 556–57.  "The tenet that a court must accept as true all

of the allegations contained in a complaint is inapplicable to legal conclusions,"

and courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

<u>DISCUSSION</u>

The FAC is somewhat difficult to make sense of, but it appears that Plaintiff's claims rely in large part upon two arguments: (1) that Defendant is not the holder of the Note, and therefore does not have authority to enforce it or foreclose upon the Property; and (2) that the assignment of the Deed of Trust from MERS to Defendant was fraudulent and invalid. In its Motion, Defendant

6

contends that both arguments are meritless.  First, Defendant claims that it need not hold or produce the Note in order to foreclose upon Plaintiff's mortgage.  (Mot. at 9–10.)  Second, Defendant maintains that insofar as Plaintiff's claims are premised upon the argument that the assignment was fraudulent and invalid, the claims must be dismissed because Plaintiff lacks standing to challenge the validity of the assignment.  (Mot. at 5–7.)  The Court will address these preliminary matters before addressing the merits of each of Plaintiff's claims individually.

I.      Holder of the Note

Throughout the FAC, Plaintiff refers repeatedly to the Note and asserts that Defendant cannot prove that it is the holder or owner of the Note, and therefore does not have the authority to foreclose upon Plaintiff's Property.  (FAC ¶ 4 ("At the present time, the Plaintiff would assert there is no valid endorsement of the note to Bank of America or any holder."); id. ¶ 12 ("Defendant did not have standing to foreclose because it cannot prove that it is the holder or owner of the notes. . . .").)  Defendant argues that it seeks to enforce the Deed of Trust, not the Note, and need not hold the Note in order to foreclose upon the Property.  (Mot. at 9–10.)  Defendant is correct.

Texas law differentiates between enforcement of a promissory note and a deed of trust.  "Where there is a debt secured by a note, which is, in turn,

secured by a lien, the lien and the note constitute separate obligations." <u>Aguero v. Ramirez</u>, 70 S.W.3d 372, 374 (Tex. App. 2002).  Thus, the right to recover on the promissory note and the right to foreclose may be enforced separately.  <u>See Stephens v. LPP Mortg.</u>, 316 S.W.3d 742, 747 (Tex. App. 2010) (finding that the promissory note and the lien which secures it are "separate legal obligations" that "may be litigated in separate lawsuits"); <u>Carter v. Gray</u>, 81 S.W.2d 647, 648 (Tex. 1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien.").  Foreclosure is an independent action against the collateral and may be conducted without judicial supervision.  <u>Bierwirth v. BAC Home Loans Servicing</u>, L.P., No. 03-11-00644-CV, 2012 WL 3793190, at *4 (Tex. App. Aug. 30, 2012) (citing <u>Reardean v. CitiMortgage, Inc.</u>, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011)).  Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding. <u>Id.</u>

       Chapter 51 of the Texas Property Code, which governs non-judicial foreclosures, authorizes either a mortgagee or a mortgage servicer acting on behalf

of a mortgagee to sell real property under a "power of sale conferred by a deed of trust." <u>See</u> Tex. Prop. Code. §§ 51.002, 51.0025.  The Property Code defines a "mortgagee" as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."  Tex. Prop. Code § 51.0001(4).  Notably absent from the statute is any reference to the promissory note.

The Deed of Trust identified MERS as "the <u>beneficiary</u> of this Security Instrument" and nominee for lender Countrywide and its successors and assigns.  (Mot. Ex. 2 at 2.)  Accordingly, MERS is a "mortgagee" as defined in the Property Code.  See Tex. Prop. Code § 51.0001(4)(A) (defining a "beneficiary . . . of a security instrument" as a mortgagee).  As a mortgagee, MERS is entitled to foreclose on the Property on behalf of the lender.  <u>See</u> Tex. Prop. Code. §§ 51.002, 51.0025.  Moreover, the Deed of Trust itself expressly grants MERS authority "to foreclose and sell the Property."  (Mot. Ex. 2 at 3.)  Texas courts have held that provisions granting MERS the authority to foreclose are enforceable to the extent they are set forth in the deed of trust, regardless of whether the party seeking to enforce the deed of trust holds the corresponding note.  <u>See</u> <u>Mortg. Elec. Registration Sys., Inc. v. Khyber Holdings, L.L.C.</u>, No. 01-11-00045-CV, 2012

WL 3228717, at *4 (Tex. App. Aug. 9, 2012) ("Thus, the fact that a party 'asserting an interest' under the deed of trust does not possess the corresponding note does not invalidate the deed of trust, which is enforceable according to its terms.").  Thus, if MERS validly assigned its interest to another party (in this case, Defendant), that assignee now has the same right to foreclose on the subject property that MERS had.  See Crowell v. Bexar Cnty., 351 S.W.3d 114, 118 (Tex. App. 2011) (holding that "[a]bsent a clause limiting assignment, the deed was assignable" where it expressly provided "that all rights under the deed inure[d] to 'the respective successors and assigns of Lender and Grantor. . . .'").

Under Texas law, therefore, Bank of America need not hold the Note in order to foreclose; it need only have the right to foreclose under the Deed of Trust.  However, this point was rendered moot at the hearing when Plaintiff acknowledged that Defendant holds the Note.

II.    Plaintiff's Standing to Challenge the Validity of the Assignment

Defendant asserts that insofar as Plaintiff's claims are premised upon the argument that the assignment of the Deed of Trust was fraudulent and invalid, they must be dismissed, because Plaintiff lacks standing to challenge the validity of

the assignment.[2]  (Mot. at 5–6.)  Numerous courts within this circuit have held that

a plaintiff-mortgagor does not have standing to assert claims on the basis of an

allegedly invalid assignment to which it was not a party.  See, e.g., Metcalf v.

Deutsche Bank Nat'l Trust Co., No. 3:11-CV-3014-D, 2012 WL 2399369, at *5

(N.D. Tex. June 26, 2012) ("Courts in this circuit have repeatedly held that

borrowers do not have standing to challenge the assignments of their mortgages

because they are not parties to those assignments."); DeFranceschi v. Wells Fargo

Bank, N.A., 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011).  Others, however, relying

on Texas law, have held that a plaintiff-mortgagor may have standing, depending

---

[2]  Defendant moves to dismiss Plaintiff's claims for lack of standing
pursuant to Federal Rule of Civil Procedure 12(b)(1), which authorizes a party to
seek dismissal of a claim for lack of subject-matter jurisdiction.  However,
Defendant asserts that Plaintiff cannot challenge the validity of an assignment to
which he was not a party, which is a challenge to Plaintiff's statutory standing, not
Article III standing, and therefore not jurisdictional in nature.  Blanchard 1986,
Ltd. v. Park Plantation, LLC, 553 F.3d 405, 409 (5th Cir. 2008) ("This question of
whether or not a particular cause of action authorizes an injured plaintiff to sue is a
merits question, affecting statutory standing, not a jurisdictional question, affecting
constitutional standing.").  Thus, a dismissal for lack of standing in this case would
properly be granted under Rule 12(b)(6), not Rule 12(b)(1).  See Harold H.
Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 795 n.2 (5th Cir. 2011).
         In any event, Plaintiff clearly satisfies the requirements of Article III
standing.  He has alleged that he has an interest in the Property that would be lost if
Defendant is permitted to foreclose, that injury is fairly traceable to Defendant's
attempt to foreclose, and it would be redressed by a favorable ruling by this Court.
See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (holding that
Article III standing requires an injury in fact, fairly traceable to the challenged
action of the defendant, which will be redressed by a favorable decision).

on the nature of the challenges asserted.  See <u>Routh v. Bank of Am., N.A.</u>, No. SA-12-CV-244-XR, 2013 WL 427393, at *9 (W.D. Tex. Feb. 4, 2013).  This Court falls into the latter category.  See <u>Saucedo v. Deutsche Bank Nat'l Trust Co.</u>, SA-12-CV-868, 2013 WL 656240, at *4 (W.D. Tex. Feb. 20, 2013).

       "Texas has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid."  <u>Routh</u>, 2013 WL 427393, at *8 (quoting <u>Miller</u>, 2012 WL 3206237, at *5); <u>see also</u> <u>Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.</u>, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975).  The rule has been stated as follows by the Texas Court of Appeals:

> The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice.

<u>Tri-Cities</u>, 523 S.W.2d at 430 (citing <u>Glass v. Carpenter</u>, 330 S.W.2d 530, 537 (Tex. Civ. App. 1959)).  This rule accords with long-established principles of contract law.  A void contract is "invalid or unlawful from its inception" and therefore cannot be enforced.  17A C.J.S. Contracts § 169.  Thus, a mortgagor who was not a party to an assignment between mortgagees may nevertheless challenge

the enforcement of an assignment if the assignment is void.  A voidable contract, on the other hand, "is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract."  Id.  Accordingly, only the parties to a voidable contract may seek to avoid its enforcement.

In this case, Plaintiff alleges that the assignment of the Deed of Trust from MERS to Defendant was fraudulent, apparently because the person who executed the assignment—Susan Douglas—is "a robosigner working for one of the various document mills," her "signature is a line drawn across the signature block," and "[t]he document was executed in California, even though MERS is from Flint, Michigan."  (FAC ¶ 5.)  Plaintiff also alleges that "the document may itself be fake, fraudulent and void because the signature on the document may not actually be the signature of [Susan] Douglas," and "the document is fraudulent because [Susan] Douglas signed in a capacity which she did not hold or have authority to sign under."  (Id. ¶ 17.)

Under Texas law, deeds obtained by fraud or mutual mistake are voidable rather than void.  Poag v. Flories, 317 S.W.3d 820, 826 (Tex. App. 2010); see Nobles v. Marcus, 533 S.W.2d 923, 925 (Tex. 1976) (finding that a deed procured by fraud is voidable—not void—by the grantor).  Accordingly, a suit to

set aside a deed obtained by fraud can only be maintained by the defrauded party. Nobles, 533 S.W.2d at 927 (citing Smith v. Carter, 45 S.W.2d 398, 400 (Tex. Civ. App. 1932)).  By contrast, a deed that is forged is void.  Lighthouse Church of Cloverleaf v. Tex. Bank, 889 S.W.2d 595, 603 (Tex. App. 1994).

Here, Plaintiff alleges that the assignment was fraudulent.  The only suggestion in the FAC that the assignment was in fact forged is wholly speculative. (See FAC ¶ 17 ("[T]he document may itself be fake, fraudulent and void because the signature on the document may not actually be the signature of [Susan] Douglas.").)  Because Plaintiff's challenge to the assignment would render it merely voidable, not void, Plaintiff does not have standing to challenge its validity. In any case, even if the Court were to assume that Plaintiff has standing, Plaintiff fails to state any claim upon which relief can be granted, for the reasons discussed below.

III.   Sufficiency of the Allegations in the FAC

Plaintiff seeks declaratory and injunctive relief and asserts causes of action for violations of the UCC, quiet title, violations of the Texas Civil Practice and Remedies Code § 12.002, and breach of contract.

A.   Violations of the Texas Uniform Commercial Code

Plaintiff brings a cause of action for "UCC violations," or violations

14

of the Texas Uniform Commercial Code, codified by the Texas Legislature in the

Texas Business and Commerce Code.  Specifically, citing to §§ 3.301, 3.309, and

3.418(d) of the Texas Business and Commerce Code, Plaintiff alleges that

Defendant is not the holder of the Note, "cannot prove the . . . elements of holder

status," (FAC ¶ 13) and "cannot establish the chain of title to this transaction such

that Defendant can prove that Defendant bank has the right to foreclose" (id. ¶ 15).

Plaintiff also alleges that, "[p]ursuant to § 3.203 of the Texas Business and

Commerce Code, Defendant Bank has no right to enforce the instrument due to the

fraud and illegal acts of transferring the note and deed of trust . . . by reason of the

fraudulent assignment of the security instrument."  (Id. ¶ 14.)

        Although it is difficult to be certain, the FAC appears to assert that

Defendant would violate these provisions of the Texas Business and Commerce

Code by attempting to enforce the Note.  (Id. ¶¶ 13–15.)  In its Motion, Defendant

argues that Plaintiff cannot prevail on this claim because Defendant seeks

foreclosure pursuant to the Deed of Trust, not the Note.  (Mot. at 11.)  Be that as it

may, at this stage, the Court must accept all of Plaintiff's allegations as true,

including any allegation that Defendant has attempted to enforce the Note.

However, the FAC does not appear to allege that Defendant has attempted to

enforce the Note.  In fact, the Court cannot find any allegation in the FAC that

Defendant has attempted to <u>foreclose</u> at all.  Perhaps Plaintiff believes such

allegations are implicit in the FAC's mention of "[t]he July 24, 2012 notice of

foreclosure" (FAC ¶ 5), "the Defendants [sic] Foreclosure sale" (<u>id.</u> ¶ 12), and

Plaintiff's statement that "Defendant's foreclosure counsel have only provided a

notice to foreclose" (<u>id.</u> ¶ 6).  However, it is not the duty of the Court to scour

incoherent pleadings for allegations made by implication.  The Court concludes

that the FAC fails to allege that Defendant has attempted to enforce the Note.

Moreover, even if the FAC sufficiently alleged that Defendant had

attempted to enforce the Note, Plaintiff would fail to state a claim for violations of

the Texas Business and Commerce Code.  Section 3.301 of the Texas Business and

Commerce Code defines a "'[p]erson entitled to enforce' an instrument" as "(i) the

holder of the instrument, (ii) a nonholder in possession of the instrument who has

the rights of a holder, or (iii) a person not in possession of the instrument who is

entitled to enforce the instrument pursuant to Section 3.309 or 3.418(d)."  Tex.

Bus. & Com. Code § 3.301.  Defendants hold the Note, and are therefore persons

"entitled to enforce" it under § 3.301.  Furthermore, § 3.301 is invoked to establish

that a defendant is liable for conversion, <u>Jones v. Wells Fargo Bank, N.A.</u>, 666

F.3d 955, 960–61 (5th Cir. 2012), wrongful foreclosure, <u>Bittinger v. Wells Fargo</u>

<u>Bank N.A.</u>, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010), or to block enforcement of

a note, <u>Orix Capital Mkts., LLC v. La Villita Motor Inns, J.V.</u>, 329 S.W.3d 30,

38–39 (Tex. App. 2010).  It does not, as far as the Court can tell, create an

independent cause of action.  Plaintiff does not refer to any authority indicating

that a person may be subject to liability under § 3.301 for attempting to enforce an

instrument he is not entitled to enforce, and the Court cannot find any.

        As for §§ 3.309 and 3.418(d) of the Texas Business and Commerce

Code, Plaintiff fails to plead any facts suggesting that those provisions are

applicable in this case.  The former applies to the enforcement of a "lost"

instrument, <u>see</u> Tex. Bus. & Com. Code § 3.309, and the latter applies to an

instrument that is "paid or accepted by mistake," <u>see</u> Tex. Bus. & Com. Code

§ 3.418(b).  Plaintiff does not allege that the Note is or was lost, or that it was paid

or accepted by mistake.

        Finally, Plaintiff invokes § 3.203 of the Texas Business and

Commerce Code, which states that a "transferee cannot acquire rights of a holder

in due course by a transfer, directly or indirectly, from a holder in due course if the

transferee engaged in fraud or illegality affecting the instrument."  Tex. Bus. &

Com. Code  § 3.203.  As noted above, Plaintiff alleges that the assignment of the

Deed of Trust from MERS to Defendant was fraudulent because Susan Douglas is

a "robosigner," her "signature is a line drawn across the signature block," and

"[t]he document was executed in California, even though MERS is from Flint, Michigan."  (FAC ¶ 5.)  Plaintiff also alleges that "the document may itself be fake, fraudulent and void because the signature on the document may not actually be the signature of [Susan] Douglas," and "the document is fraudulent because [Susan] Douglas signed in a capacity which she did not hold or have authority to sign under."  (Id. ¶ 17.)

The Court concludes that Plaintiff has failed to allege with sufficient particularity the circumstances constituting the fraud as required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Pursuant to the heightened pleading standard set forth in Rule 9(b), a plaintiff must "allege 'the particulars of time, place, and contents of the false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud."  U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).  The FAC does not allege any facts corroborating Plaintiff's speculative conclusions that Susan Douglas lacked the authority to execute the assignment or that Susan Douglas is a "robosigner" (or what the significance of that allegation

is).  Plaintiff's allegation that the document "may itself be fake, fraudulent and void" (FAC ¶ 17) is wholly conclusory and unsupported by any facts.

In any event, as discussed above, Plaintiff's allegations would render the assignment "voidable" rather than "void" under Texas law.  Plaintiff therefore lacks standing to challenge the validity of the assignment on this ground.

B.    Quiet Title

A suit to quiet title is an equitable action in which the plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim.  Florey v. Estate of McConnell, 212 S.W.3d 439, 448 (Tex. App. 2006).  "Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner."  Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App. 2000).  "In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief."  Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. 2009).  "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title."  Gordon v. W. Hous. Trees, Ltd., 352 S.W.3d 32, 42 (Tex. App. 2011).

To state a quiet title claim, a plaintiff must show: (1) an interest in a

19

specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. U.S. Nat'l Bank Ass'n v. Johnson, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. Dec. 30, 2011) (citing Sadler v. Duvall, 815 S.W.2d 285, 293 n. 2 (Tex. App. 1991)). A plaintiff further "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." Wright, 26 S.W.3d at 578.

In this case, Plaintiff does not allege that he owns the Property at issue. In fact, the FAC never makes any mention of the Property at all. Assuming that Plaintiff does, in fact, own the Property, Defendant's claim that it has the right to foreclose on the Property pursuant to the assignment of the Deed of Trust constitutes a "cloud" upon Plaintiff's title. Routh, 2013 WL 427393, at *4 (noting that the "alleged right to foreclose constitutes a 'cloud' because it affects Plaintiffs' legal title to the property). However, Plaintiff fails to plead sufficient facts to support the third element of quiet title—namely, that "the claim, although facially valid, is invalid or unenforceable." See Johnson, 2011 WL 6938507, at *3. Plaintiff asserts that Defendant's claim is unenforceable because the assignment of the Deed of Trust from MERS to Defendant is fraudulent. (FAC ¶ 16.) For the same reasons discussed above, the Court concludes that Plaintiff has failed to

20

allege sufficient facts to allow the Court to reasonably infer that the assignment

was fraudulently executed, and moreover, Plaintiff does not have standing to

challenge the assignment on this ground.

      C.     <u>Texas Civil Practice and Remedies Code § 12.002</u>

      Plaintiff alleges that Defendant violated § 12.002 of the Texas Civil

Practice and Remedies Code by filing with the Bexar County Clerk the allegedly

fraudulent assignment.  (FAC ¶ 17.)  Section 12.002 states:

> A person may not make, present, or use a document or other record with:
> >    (1)    knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
> >    (2)    intent that the document or other record be given the same legal effect as a court record . . . evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
> >    (3)    intent to cause another person to suffer:
> > >        (A)    physical injury;
> > >        (B)    financial injury; or
> > >        (C)    mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code § 12.002.  Defendants seek to dismiss this claim on

the ground that an assignment does not constitute a lien or "claim against real . . .

property," as required by the statute.  (Mot. at 12–13.)  Defendant is correct that

the assignment of the Deed of Trust is not a lien.[3]  However, this Court has held

that an assignment of a deed of trust <u>does</u> constitute a claim against real property.

<u>See</u> <u>Howard v. JPMorgan Chase, N.A.</u>, SA-12-CV-00440 (Apr. 18, 2013); <u>cf.</u>

<u>Bernard v. Bank of Am., N.A.</u>, No. 04–12–00088–CV, 2013 WL 441749, at *4

(Tex. App. Feb. 6, 2013) (holding that a "Substitution of Trustee" document is a

"claim" against real property within the meaning of Chapter 12).

 Nevertheless, regardless of whether the assignment of the Deed of

Trust falls within the purview of § 12.002(a), Plaintiff has failed to state a claim.

As the Court has noted, Plaintiff has failed to plausibly allege facts indicating that

Defendant made, presented, or used a <u>fraudulent</u> document.  Furthermore, Plaintiff

fails to allege any facts that would plausibly suggest that Defendant caused him

physical or financial injury, mental anguish, or emotional distress, let alone that

Defendant <u>intended</u> to do so.  Merely parroting the statute, as Plaintiff does in the

FAC, does not suffice.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555 ("[A] formulaic recitation

of the elements of a cause of action will not do.").

 D. <u>Breach of Contract</u>

 In the alternative, Plaintiff asserts a cause of action for breach of

_____

[3] Under § 12.001, a "lien" is defined as "a claim in property for the payment of a debt and includes a security interest."  Tex. Civ. Prac. & Rem. Code § 12.001.

contract, stating that "in the event that Defendant is the holder [of the Note]," its "attempts at foreclosure . . . constitute[] a material breach of contract." (FAC ¶ 19.) Defendant argues that this claim must be dismissed because Plaintiff fails to allege that he performed, and Plaintiff fails to allege that Defendant breached the terms of the Note. (Mot. at 14–15.)

Under Texas law, "[t]he elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex. App. 1997). Plaintiff has failed to allege that he has performed under the terms of the note. Plaintiff makes a vague allegation that "Defendant has been paid [according to the terms of the Note] in part via multiple insurance policies and credit default swaps" (FAC ¶ 19), but does not allege facts sufficient to demonstrate that the payments satisfied Plaintiff's obligations under the Note. See Martinez v. Wells Fargo Bank, N.A., No. SA-12-CV-789-XR, 2013 WL 1562759, at *9 (W.D. Tex. Apr. 12, 2013). "It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotation marks omitted). Plaintiff therefore fails to allege facts adequate to state a breach of

contract claim.

IV.     Injunctive and Declaratory Relief

In addition to damages, Plaintiff seeks an injunction and a declaratory judgment that Defendant is not "the proper assignee and holder or owner" of the Note and Deed of Trust; that Defendant does not have standing to foreclose "because it cannot prove that it is the holder or owner"; and that because Defendant is not the holder, the "Order of Foreclosure and foreclosure sale . . . [is] void."[4] (FAC ¶ 12.)

Plaintiff seeks declaratory relief under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009.  (FAC ¶ 10.) However, the Fifth Circuit has held that the Texas Declaratory Judgment Act is a procedural rule that does not apply in federal court, see Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998), and federal district courts have taken that to mean that when a declaratory judgment action filed in state court is removed to federal court, "that action is in effect converted into one brought under the federal Declaratory Judgment Act," Redwood Resort Props., LLC v. Holmes Co., No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007); see

_____

[4]  Plaintiff also seeks a declaration that "the Defendants [sic] Foreclosure sale is void is the substitute Trustees Deed Void" (FAC ¶ 12), which the Court does not list above because it is nonsensical.

also <u>Routh</u>, 2013 WL 427393, at *13 ("In this case, . . . the Federal Declaratory

Judgment Act applies rather than the Texas Declaratory Judgment Act because

both acts are procedural and federal courts apply their own procedural rules.").  To

be entitled to declaratory relief under the Federal Declaratory Judgment Act, 28

U.S.C. §§ 2201–2202, a plaintiff must allege facts demonstrating that there exists

"a substantial and continuing controversy between the two adverse parties."  <u>Bauer</u>

<u>v. Texas</u>, 341 F.3d 352, 358 (5th Cir. 2003).  Thus, in the absence of a live

substantive claim, Plaintiff's request for a declaratory judgment must be dismissed.

<u>See, e.g.,</u> <u>Marsh</u>, 2012 WL 3756276, at *9.

> Finally, Plaintiff's preliminary injunction is denied.  Plaintiff may not

seek a preliminary injunction in a complaint.  Pursuant to Local Rule CV-65, "[a]n

application for a temporary restraining order or preliminary injunction shall be

made in an instrument separate from the complaint."  Moreover, for the reasons

explained above, Plaintiff has not pled a single viable cause of action; thus, his

claim for injunctive relief fails.  <u>See</u> <u>Pajooh v. Harmon</u>, 82 F. App'x 898, 899 (5th

Cir. 2003) (affirming district court's denial of injunctive relief when plaintiff failed

to state a claim).

CONCLUSION

> For the foregoing reasons, the Court **GRANTS** Defendant's Motion to

Dismiss.  (Doc. # 14.)  Plaintiff has not sought leave to amend.  Accordingly,

Plaintiff's claims are **DISMISSED**.

IT IS SO ORDERED.

DATED: San Antonio, Texas, April 29, 2013.

_____

David Alan Ezra
Senior United States District Judge

26